**IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE**

KUN JIANG,  )
 )
      Plaintiff,  )
 )
      v.  )  C.A. No. 2023-0780-LM
 )
HASLET PARK HOMEOWNERS  )
ASSOCIATION and MASTRIANA  )
PROPERTY MANAGEMENT, INC.,  )
 )
      Defendants.  )

## ORDER

WHEREAS:

A.     On August 1, 2023, Plaintiff Kun Jiang filed this action against Defendants Haslet Park Homeowners Association (hereinafter, "HOA") and Mastriana Property Management, Inc. (hereinafter, "Mastriana") (collectively, the "Defendants") for a declaration that Defendants failed to 1) comply with Code of Regulations Article VI, Section 2 and 3 related to window installation; 2) violations of Delaware Uniform Common Interest Ownership Act (DUCIOA) by denying access to meetings and imposing fines without a hearing process; 3) breaches of fiduciary duties.[1]

---

[1] D. I. 1 at ¶1.

B.      Defendants filed a Motion to Dismiss Plaintiff's claims under Court of Chancery Rule 12(b)(6) on August 29, 2023.[2]

C.      On October 10, 2023, Plaintiff responded to the Defendants' Motion to Dismiss.[3]

D.      The Defendants filed their opening briefs in support of the motions to dismiss on November 9th and 10th.[4]

E.      On November 29, 2023, Plaintiff filed an amended complaint against Defendants for: (a) failure to comply with governing documents, including Code of Regulations Article VI, Sections 2 and 3, regarding the approval process for window installations that are not structural change or common elements; (b) violations of Delaware Uniform Common Interest Ownership Act (DUCIOA) for denying access to HOA board meetings, filing deed violation notices against Plaintiff's property, and imposing arbitrary fines without a proper hearing process; (c) breach of fiduciary duties for arbitrary, capricious, and unreasonable actions, including self-dealing in the HOA election; (d) Mastriana's aiding and abetting for the breach of fiduciary duties; (e) Defamation; (f) Civil Conspiracy; and, (g) Intentional infliction of emotional distress.[5]

_____

[2] D. I. 11.

[3] D. I. 12.

[4] D. I. 17; D. I. 18.

[5] D. I. 23 at ¶ 1.

F.	On December 5, 2023, Plaintiff responded to Defendants' Motions to Dismiss.[6]

G.	At the request of the parties, and by order of this Court, the briefing schedule was adjusted to allow Defendants to address Plaintiff's Amended Complaint and subsequent Response to the Defendants' Motion to Dismiss, which addressed the claims in the Amended Complaint.[7]

H.	On January 22, 2024, the Defendants filed opening briefs on its motion to dismiss Plaintiff's amended complaint.[8]

I.	On February 15, 2024, Plaintiff filed a response to Defendants' motions to dismiss.[9]

J.	On March 7, 2024, Defendant Mastriana replied to the Plaintiff's opposition.[10]

K.	On March 11, 2024, Defendant Haslet Park HOA replied to the Plaintiff's opposition.[11]

---

[6] D. I. 26; D. I. 27.

[7] D. I. 29; D. I. 30.

[8] D. I. 31; D. I. 34.

[9] D. I. 36; D. I. 37.

[10] D. I. 38.

[11] *Id.*

L.      That same day, Haslet Park HOA joined Mastriana, for reasons set forth in Mastriana's Opening Brief.[12]

M.      On April 29, 2024, all parties agreed to forgo oral argument on the motion to dismiss.[13]

N.      Under Court of Chancery Rule 12(b)(6), the standard of review is settled:

a. (i) all well-pleaded factual allegations are accepted as true; (ii) even vague allegations are "well-pleaded" if they give the opposing party notice of the claim; (iii) the Court must draw all reasonable inferences in favor of the non-moving party; and [(iv)] dismissal is inappropriate unless the "plaintiff would not be entitled to recover under any reasonably conceivable set of circumstances susceptible of proof."[14]

**IT IS HEREBY ORDERED**, this 31st day of July 2024, as follows:

1.      The Defendants' Motion to Dismiss Plaintiff's claims is **GRANTED IN PART and DENIED IN PART**.

---

[12] D. I. 39.

[13] D. I. 41.

[14] *Savor, Inc. v. FMR Corp.*, 812 A.2d 894, 896–97 (Del. 2002) (footnotes omitted) (quoting *Kofron v. Amoco Chems. Corp.*, 441 A.2d 226, 227 (Del. 1982)).

2.    The Defendants' Motion to Dismiss Plaintiff's claim for breach of contract is **DENIED**. I find that, in viewing factual allegations most favorably to the Plaintiff, this claim is sufficient to potentially recover damages. Article VI Sections 2 and 3, when interpreted in conjunction with 25 Del. C. § 81-302(a)(6), are ambiguous. A sufficient breach of contract claim only must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[15] To survive a motion to dismiss in failing to state a breach of contract claim, a plaintiff must show that a contract exists, an obligation imposed by that contract was breached, and that this breach resulted in damages.[16] Plaintiff has surpassed these requirements by averring that a contract between Plaintiff and Defendants exists, all parties have obligations per the contract, and that damages are imposed for failure to follow the contract.

3.    The Defendants' Motion to Dismiss Plaintiff's claim for breach of fiduciary duties is **DENIED**. "It is well established that the directors owe their fiduciary obligations to the corporation and its shareholders."[17] The Defendants are Delaware Corporations and Plaintiff is a member of the HOA.[18] The harm alleged

---

[15] Del. Ct. Ch. R. 8.

[16] *VLIW Tech., LLC v. Hewlett-Packard Co.*, 840 A.2d 606, 612 (Del. 2003).

[17] *N. Am. Cath. Educ. Programming Found., Inc. v. Gheewalla*, 930 A.2d 92, 99 (Del. 2007).

[18] D. I. 1 at ¶¶2-3.

here is not unique to the Plaintiff and can occur to any member of the HOA. Therefore, the harm arising from the breach here can be attributable to the Defendants' breach of fiduciary duty.

4.    The Defendants' Motion to Dismiss Plaintiff's claim for Management Agent Aiding and Abetting the Breach of Fiduciary Duties is **DENIED**. Accepting that the letter mailed to selected recipients before the August 8, 2023 election was sent by Mastriana, this claim survives the motion to dismiss.[19] The four elements required to succeed in a claim of aiding and abetting fiduciary duties are: "(i) the existence of a fiduciary relationship, (ii) a breach of the fiduciary's duty, (iii) knowing participation in that breach by the defendants, and (iv) damages proximately caused by the breach."[20] As previously stated, Plaintiff has displayed that a fiduciary duty exists and that duty has been breached. This letter explicitly states that Plaintiff violated HOA regulations and claims that Plaintiff "has since begun a campaign of harassment and threats in an attempt to circumvent the rules."[21] It is conceivable that this communication diminished Plaintiff's reputation and caused irreparable harm to Plaintiff under which he will recover.

---

[19] D. I. 23 at ℙ59.

[20] *RBC Cap. Markets, LLC v. Jervis*, 129 A.3d 816, 861 (Del. 2015).

[21] D. I. 25 (Exhibit A_11).

5.      The Defendants' Motion to Dismiss Plaintiff's claim for Defamation is

**GRANTED**. The Court of Chancery will only act if a plaintiff states an equitable claim, an equitable remedy is required, there is an insufficiency of remedies at common law, or if jurisdiction exists by statute.[22] "[S]lander and libel are seen as denizens of the Superior Court, and are subject to the findings made there by juries regarding the speech of their peers."[23] The alleged libel here is not a separate tort and a remedy at law is sufficient.[24] Furthermore, I decline to assert subject matter jurisdiction under the "clean-up doctrine"[25] as "the Court of Chancery…lacks subject matter jurisdiction to adjudicate the questions of whether a defendant made a false statement about the plaintiff and whether it did so with actual malice."[26] Plaintiff's complaint failed to seek a viable equitable remedy, therefore, Defendant's

---

[22] *Preston Hollow Cap. LLC v. Nuveen LLC*, 216 A.3d 1, 4 (Del. Ch. 2019).

[23] *Id.*

[24] *See Organovo Holdings, Inc. v. Dimitrov*, 162 A.3d 102, 113 (Del. Ch. 2017); *Spence v. Funk*, 396 A.2d 967, 970 (Del. 1978) ("libel is written defamation").

[25] *See Organovo Hldgs., Inc.*, 162 A.3d at 113 ("[T]he cleanup doctrine provides that if this court would have equitable jurisdiction over a part of a controversy, then it can address the remaining portions of the controversy as well."); *Kraft v. WisdomTree Invs., Inc.*, 145 A.3d 969, 974 (Del. Ch. 2016) (explaining that the clean-up doctrine "provides the Court of Chancery with jurisdiction to resolve purely legal causes of action that are before it as part of the same controversy over which the Court originally had subject matter jurisdiction in order to avoid piecemeal litigation" (citation omitted)).

[26] *Smith v. Scott,* 2021 WL 1592463, at *14 (Del. Ch. Apr. 23, 2021) (quoting *Perlman v. Vox Media, Inc.*, 2019 WL 2647520 at *1 (Del. Ch. June 27, 2019).

Motion to Dismiss for Defamation is GRANTED, subject to Plaintiff's right under 10 *Del. C.* § 1902 to transfer the claim to Superior Court.[27]

6.　　The Defendants' Motion to Dismiss Plaintiff's Claim for Civil Conspiracy is **DENIED**. "Under Delaware Law, to state a claim for civil conspiracy, a plaintiff must plead facts supporting (1) the existence of a confederation or combination of two or more persons; (2) that an unlawful act was done in furtherance of the conspiracy; and (3) that the conspirators caused actual damage to the plaintiff."[28] When viewing the Plaintiff's allegations in the light most favorable to him, the Defendants' failure to provide the HOA standard proxy form satisfies the first element.[29] The unlawful act committed in furtherance of the conspiracy by Mastriana was the alleged tortious interference with the election.[30] The actual

---

[27] *See* 10 *Del. C.* § 1902 ("No civil action, suit or other proceeding brought in any court of this State shall be dismissed solely on the ground that such court is without jurisdiction of the subject matter, either in the original proceeding or on appeal. Such proceeding may be transferred to an appropriate court for hearing and determination, provided that the party otherwise adversely affected, within 60 days after the order denying the jurisdiction of the first court has become final, files in that court a written election of transfer . . . .").

[28] *See Allied Cap. Corp. v. GC-Sun Holdings, L.P.*, 910 A.2d 1020, 1036 (Del. Ch. 2006); *UbiquiTel Inc. v. Sprint Corp.*, No. CIV.A. 1489-N, 2005 WL 3533697, at *8 (Del. Ch. Dec. 14, 2005) (Tortious interference must be accompanied by an intent to injure to prove the second element of conspiracy).

[29] D. I. 23 ¶65.

[30] *Id.*

damage caused to the Plaintiff is that this interference prevented the Plaintiff from being elected to the HOA Board.[31]

7.  The Defendants' Motion to Dismiss Plaintiff's Claim for Intentional Infliction of Emotional Distress is **GRANTED**. To succeed on a claim of intentional infliction of emotional distress, a defendant's extreme and outrageous conduct must cause the plaintiff severe emotional distress.[32] The Court must first decide whether a defendant's conduct is extreme and outrageous to permit recovery.[33] Here, Plaintiff only alleges that Defendants were reckless in declining to participate in mediation.[34] Plaintiff further attempts to allege that Defendants' "defamation campaign," emails attempting to avoid litigation, and alleged breaches of fiduciary duties constitute extreme and outrageous behavior.[35] The Court considers all factors of the Plaintiff, including his medical history.[36] The communication and allegations alleged do not amount to extreme and outrageous conduct.

---

[31] *Id.*

[32] *See Hunt ex rel. DeSombre v. State, Dep't of Safety & Homeland Sec., Div. of Delaware State Police*, 69 A.3d 360, 367 (Del. 2013); RESTATEMENT (SECOND) OF TORTS § 46(h) (1965).

[33] *Id.*

[34] D. I. 23 at ⁋ 66.

[35] *Id.* at ⁋ 67-72.

[36] *Id.* at ⁋70.

9

8.     The Parties shall contact my chambers for a trial date and once confirmed, submit a proposed schedule for my consideration.

9.     This is a final report under Court of Chancery Rule 143 and exceptions under Court of Chancery Rule 144 are stayed until a final order is issued on the merits of the remaining claims.

**IT IS SO ORDERED.**

/s/ Loren Mitchell
Magistrate in Chancery